The Royal Indian Cuisine,           :
          Petitioner       :
                                   :
        v.               :
                                   :
Mohammed Salim and        :
Uninsured Employers Guaranty    :
Fund (Workers' Compensation     :
Appeal Board),                :     No. 221 C.D. 2025
            Respondents    :     Submitted: May 14, 2026

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE STELLA M. TSAI, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED: July 13, 2026

The Royal Indian Cuisine (Employer) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) January 22, 2025 order affirming the WC Judge's (WCJ) decision that granted Mohammed Salim's (Claimant) April 27, 2022 Claim Petition for WC benefits against Employer (Claim Petition 1), Petition for Penalties (Penalty Petition), Claim Petition for Benefits from the Uninsured Employer and Uninsured Employers Guaranty Fund (UEGF Claim Petition), and January 13, 2023 Claim Petition for WC benefits against Royal Indian Cuisine 1 Inc. (Claim Petition 2) (collectively, Petitions).[1] There are four issues before this Court: (1) whether Employer's appeal must be quashed as untimely filed;

---

[1] The parties agreed that Claim Petition 2 was a protective filing as it appeared Employer had incorporated with the name *Royal Indian Cuisine 1 Inc.* but does business as *Royal Indian Cuisine*. The UEGF agreed that the UEGF Claim Petition could be amended to include *Royal Indian Cuisine 1 Inc.*

(2) whether Claimant's statement that his preexisting hearing loss was the sole reason for seeking WC benefits was grounds to deny him continued WC benefits; (3) whether the personal animus/third-party exception to the WC Act's (Act)[2] exclusivity provision applies to a fight between Claimant and a co-worker over a phone charger unnecessary to their work; and (4) whether the WCJ's conclusion that Claimant's testimony was credible was arbitrary and capricious. After review, this Court quashes Employer's appeal as untimely.

Employer employed Claimant as a tandoori chef. On April 27, 2022, Claimant filed Claim Petition 1, wherein he alleged that he sustained a head injury, concussion, neck, right shoulder, right arm, lower back, and right leg injuries at work on April 4, 2022. Also on April 27, 2022, Claimant filed the Penalty Petition claiming that Employer violated the Act by failing to timely accept or deny liability for his alleged injuries. On May 13, 2022, Employer filed answers to Claim Petition 1 and the Penalty Petition, denying the material allegations therein. Specifically, Employer denied that Claimant was an employee and that he sustained compensable work injuries.

On June 27, 2022, Claimant filed the UEGF Claim Petition for the same injuries listed in Claim Petition 1. On June 30, 2022, the UEGF filed an answer denying the UEGF Claim Petition's material allegations. On January 13, 2023, Claimant filed Claim Petition 2 asserting substantially the same allegations as in Claim Petition 1. No answer to Claim Petition 2 was filed. On March 21, 2023, the UEGF filed a Petition for Examination - Expert Interview (PE Petition), alleging that Claimant failed to attend a physical examination with Paul Shipkin, M.D., on March 13, 2023.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

The WCJ conducted hearings on May 26 and November 17, 2022, and January 18, April 6, July 13, and October 19, 2023. On May 1, 2024, the WCJ granted the Petitions. The WCJ dismissed the PE Petition as moot. Employer appealed from the WCJ's decision to the Board. On January 22, 2025, the Board affirmed the WCJ's decision. On February 24, 2025, Employer appealed to this Court.

By August 15, 2025 Order, this Court directed the parties to address the appeal's timeliness in their principal briefs on the merits. Employer filed its brief on October 29, 2025, therein addressing only the merits of its appeal.[3] Claimant filed his brief on December 31, 2025, asserting that Employer's appeal must be quashed as untimely.

Initially, Pennsylvania Rule of Appellate Procedure 1512(a)(1) requires "a petition for review . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). Here, where the Board entered its order on January 22, 2025, Employer had until February 21, 2025, to file its petition for review in this Court. Employer filed its petition for review in this Court on February 24, 2025, which is beyond the 30-day time limit. Moreover, Employer has failed to establish any grounds that might excuse its late filing, "declining even to address the issue of timeliness in [its] brief in contravention of this Court's [August 15, 2025 O]rder." *Watkins v. Workers' Comp. Appeal Bd. (Ingram's Drain & Sewer Cleaning Inc.)* (Pa. Cmwlth. No. 895 C.D. 2018, filed Mar. 11, 2019), slip op. at 2; *see also Nifas v. McGinley* (Pa. Cmwlth. No. 1467 C.D. 2021, filed May 8, 2023).[4] Because Employer's appeal was untimely, this Court

---

[3] On November 14, 2025, the UEGF notified this Court that it did not intend to file a brief in this matter.

[4] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. *See* 210 Pa. Code § 69.414(a). *Nifas* and *Watkins* are cited herein for their persuasive value.

lacks subject matter jurisdiction to consider it. *See Tishok v. Dep't of Educ.*, 133 A.3d 118, 122 n.2 (Pa. Cmwlth. 2016) ("failure to timely appeal is a jurisdictional defect"). Accordingly, Employer's appeal is quashed.

_____
ANNE E. COVEY, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Royal Indian Cuisine,        :
        Petitioner        :
        :
        v.        :
        :
Mohammed Salim and        :
Uninsured Employers Guaranty        :
Fund (Workers' Compensation        :
Appeal Board),        :     No. 221 C.D. 2025
        Respondents        :

O R D E R

AND NOW, this 13th day of July, 2026, The Royal Indian Cuisine's appeal from the Workers' Compensation Appeal Board's January 22, 2025 order is quashed.

_____
ANNE E. COVEY, Judge